OPINION
Defendant-Appellant, Robert E. Simms Sr. ("Appellant"), appeals the decision of the Allen County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. In March of 1971, Appellant was indicted and convicted of three counts of sodomy, four counts of felonious assault, three counts of assault with a dangerous weapon, and one count of escape from confinement. Appellant was sentenced to three to thirty years in prison.
While serving his term in prison, the Ohio Department of Rehabilitation and Corrections recommended that Appellant be classified as a sexual predator pursuant to R.C. 2950.09. A sexual predator hearing was held on April 1, 1999, in the Allen County Court of Common Pleas. At the conclusion of the hearing, the trial court found that Appellant was a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
Appellant now appeals, asserting the following sole assignment of error.
ASSIGNMENT OF ERROR
 Ohio Revised Code Chapter 2950 et seq., as applied to Appellate [sic], is unconstitutional in that it violates Defendant's protections of Section I, Article 1 of the Ohio Constitution as described in State v. Williams , Lake Appellate No. 97-L-191, Court of Appeals, 11th District, unreported.
In his sole assignment of error, Appellant contends that R.C. 2950 violates Article I, Sections 1 and 16 of the Ohio Constitution. In particular, Appellant contends that the statute is an invalid use of the state's police power in that it is unduly oppressive upon individuals and is an unreasonable and arbitrary infringement upon an individual's privacy rights. For the following reasons, we do not agree.
In the case before us, Appellant relies upon the decision of the Eleventh District Court of Appeals in State v. Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, for the proposition that R.C. 2950 is unconstitutional. In Williams, the court found R.C. 2950 unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution.
This Court recently addressed the issue presented to us today in State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported. In Marker, we upheld the constitutionality of R.C. 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon an individual's privacy rights.
We have not changed our position on this issue and continue to follow our decision in Marker. Accordingly, Appellant's assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.